# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS T.,[1] | ) |
|                Plaintiff, | ) No. 18 CV 3259 |
| v. | ) Magistrate Judge Young B. Kim |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
|                Defendant. | ) September 18, 2019 |

**MEMORANDUM OPINION and ORDER**

On May 15, 2019, the court remanded the decision of the administrative law judge ("ALJ") denying Plaintiff Thomas T.'s applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Thomas now seeks an award of attorney's fees as a prevailing party under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, the motion is denied:

**Background**

In October 2014 Thomas sought SSI and DIB based on his claims that he had become disabled by back, neck, and knee pain. The Commissioner of the Social Security Administration denied Thomas's claims initially and again on reconsideration, prompting him to seek a hearing before an ALJ. Following the hearing at which a vocational expert ("VE") testified, the ALJ issued a decision concluding that Thomas has the residual functional capacity ("RFC") to perform

---

[1] Pursuant to Internal Operating Procedure 22, the court uses only Plaintiff's first name and last initial in this decision to protect his privacy to the extent possible.

light work with some additional limitations. The ALJ further determined based on the VE's testimony that there are jobs that exist in the national economy that coincide with Thomas's limitations, ultimately concluding that he is not disabled.

After the Appeals Council declined to review the ALJ's decision, Thomas sought judicial review in this court. *See* 42 U.S.C. § 405(g). The parties consented to this court's jurisdiction, see 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. In his motion, Thomas raised several challenges to the ALJ's decision, arguing that the ALJ failed to properly weigh a physician's opinion, failed to incorporate all of Thomas's limitations into the RFC assessment, and relied on VE testimony that was tainted by the ALJ's insufficient hypothetical questions. This court rejected all but one of Thomas's contentions—that the ALJ had erred in asking the VE to assume a "younger individual" in each hypothetical the ALJ posed. (R. 30, Mem. Op. at 18-19.) The court characterized the question of whether that mistake tainted the ALJ's step-five conclusion as a "close[] call," because there is a conflict among courts as to whether such error is harmless. (Id. at 19-20.) The court ultimately concluded that the ALJ's mistake in describing Thomas's age category may have impacted the VE's testimony about the kinds of jobs available to an individual with the limitations the ALJ described, and that a remand was necessary "only for the purpose of allowing the ALJ to reevaluate whether Thomas can perform gainful work that exists in significant numbers in the national economy after considering VE testimony that reflects his accurate vocational profile." (Id. at 22.)

On August 7, 2019, Thomas filed the current motion seeking $8,995.82 in attorney's fees and the costs associated with prosecuting his case. (R. 32.) The government opposes the motion and argues that its position at the administrative level and in defending the ALJ's decision was substantially justified. (R. 37, Govt.'s Resp. at 4-5.)

## Analysis

In a case by or against the United States the EAJA allows the court to award attorney's fees and costs to a prevailing party where no "special circumstances" make such an award unjust and the fee application is timely and supported, "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). Because the court remanded Thomas's claim for further consideration he is considered to be a "prevailing party" for purposes of the EAJA, *see Suide v. Astrue*, 453 Fed. Appx. 646, 648 (7th Cir. 2011), and the only eligibility challenge the government has raised to Thomas's fee petition is that its position was "substantially justified" throughout these proceedings, (R. 37, Govt.'s Resp. at 4-5).

The government bears the burden of demonstrating that its position was substantially justified, *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009), and that burden extends both to its litigation position before the court and the agency's prelitigation conduct, *Cummings v. Sullivan*, 950 F.2d 492, 496 (7th Cir. 1991). Although whether the government's litigating position is "substantially justified" is a question that is not easily pinned down with precise rules or generalizations, the

relevant inquiry is whether the position has a "reasonable basis both in law and fact." *See Pierce v. Underwood*, 487 U.S. 552, 562, 565 (1988) (quotation and citation omitted). Under this standard, even a position that is incorrect may be substantially justified "if a reasonable person could think it correct." *Id.* at 566 n.2.

In fleshing out the "substantial justification" standard, the Seventh Circuit has clarified that the government's position in a social security case "may be substantially justified even if it turns out to be completely wrong," and that "it typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified." *Bassett v. Astrue*, 641 F.3d 857, 859-60 (7th Cir. 2011). Examples of potentially unjustified positions arise when the ALJ ignores or mischaracterizes significant evidence or where the government defends the ALJ's decision based on contentions that the courts have rejected. *Id.* at 860; *see also Stewart*, 561 F.3d at 684-85; *Golembiewski v. Barnhart*, 382 F.3d 721, 724-25 (7th Cir. 2004). Moreover, a district court's use of "strong language" against the government's position on the merits of a case weighs toward a finding that the government's position is not substantially justified. *Golembiewski*, 382 F.3d at 724. By contrast, the Seventh Circuit has made clear that where a case presents a close call, that factor in and of itself weighs toward a finding of substantial justification. *See United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 384 (7th Cir. 2010) (equating "a close case" with one where the government's position is substantially justified); *Cummings*, 950 F.2d at 498 ("We

4

find that the closeness of the question is, in itself, evidence of substantial justification.").

Because in resolving this case on the merits the court agreed with Thomas's arguments with respect to only one of the many contentions he raised, and because this court expressly acknowledged that even the issue requiring remand presented a "close[] call," (R. 30, Mem. Op. at 19), the government has met its burden here of showing that its litigation position was substantially justified, *see Cummings*, 950 F.2d at 498. The issue requiring remand stemmed from the ALJ's phrasing of hypothetical questions to the VE, which involved what was essentially an error of articulation. Specifically, although at the outset of questioning the ALJ confirmed with the VE that Thomas fell in the category of individuals closely approaching advanced age, in each of the hypotheticals the ALJ asked the VE to assume a person in the younger individual age category. The court noted that whether that mistake amounted to harmless or reversible error was complicated by conflicting opinions from various courts and a lack of clear precedent. (R. 30, Mem. Op. at 20-21.) After considering the conflicting outcomes in other cases, this court concluded that a remand was required solely to allow the ALJ to reconsider the step-five question of whether jobs exist for a person of Thomas's RFC who falls within the age category of individuals closely approaching advanced age. (Id. at 22.) Because the court remanded the case on this narrow basis, the court cannot say that the government's defense of the ALJ's decision lacked a reasonable basis in law or fact. *See Cummings*, 950 F.2d at 498. And the fact that the step-five issue was the only

5

meritorious argument of the many Thomas raised also weighs toward a finding of substantial justification. *See Stewart*, 561 F.3d at 683 (noting that "EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified").

## Conclusion

For the foregoing reasons, Thomas's motion for attorney fees is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**